IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL EDMUND YANCY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-17-3593 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction for aggravated sexual assault of a child under the age of fourteen. On January 24, 2018, respondent filed a motion for summary judgment premised on expiration of limitations and served petitioner a copy at his address of record. (Docket Entry No. 9.) Despite expiration of a reasonable period of time of approximately forty-five days, petitioner has failed to respond to the motion, and the motion is uncontested.

Having considered the motion, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

**I. Background and Claims**

Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen and was sentenced to forty-five years incarceration on February 25, 2013. The conviction was affirmed on appeal on July 24, 2014, *Yancy v. State*, No. 01–13–00168–CR, 2014 WL 3697813 (Tex. App. – Houston [1st Dist.] 2014), and discretionary review was

refused on February 11, 2015. Petitioner's motion to reconsider, filed on June 12, 2015, was denied on June 19, 2015. Petitioner's application for state habeas relief, filed with the trial court on December 1, 2015, was denied by the Texas Court of Criminal Appeals on February 15, 2017.

Petitioner filed the instant federal habeas petition no earlier than November 17, 2017. Respondent seeks dismissal of the petition as barred by the applicable one-year limitation.

## II. Analysis

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Federal limitations commenced in petitioner's case on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on May 12, 2015, when the period for timely filing a petition for writ of certiorari with the Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003); SUP. CT. R. 13.1 (providing that a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after entry of the judgment). Thus, limitations expired in petitioner's case one year later, on May 12, 2016, absent statutory tolling.

AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The state record shows that petitioner filed a state application for writ of mandamus in August 2013; the application, however, did not toll limitations because it was not an application for collateral review. *See Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002)

(holding that mandamus applications do not toll the limitations period). Petitioner's relevant application for state habeas relief, filed on December 1, 2015, and denied on February 15, 2017, tolled federal limitations for 443 days. His motion for rehearing as to the denial of discretionary review tolled limitations for an additional eight days. *See Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002). Consequently, petitioner's federal habeas petition was due August 6, 2017, and the instant petition is untimely by over three months.

The claims presented by petitioner do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Nor does the record reflect any unconstitutional state action that prevented petitioner from timely filing for federal habeas relief. Moreover, petitioner's habeas claims were discoverable by the time his conviction became final on May 12, 2015, and no grounds for application of equitable tolling are alleged or apparent.

Although petitioner asserts a claim for "actual innocence," it provides him no limitations benefit. In *McQuiggen v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that tenable claims of actual innocence serve as a gateway through which the petitioner may pass, allowing his underlying constitutional claims to be considered despite being raised outside the AEDPA limitations period. *Id.* at 386. However, tenable actual innocence gateway pleas are rare. A petitioner must bring forward new, reliable evidence of his innocence. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted

to find him guilty beyond a reasonable doubt." *Id. See also Schlup v. Delo*, 513 U.S. 298, 329 (1995). In this context, newly-discovered evidence of a petitioner's actual innocence refers to factual innocence, not legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998). Petitioner presents no newly-discovered evidence proving his actual innocence. To the contrary, he argues that the evidence produced at trial proved he was not guilty of the charges. No tenable gateway claim of actual innocence is raised, and petitioner's assertions of actual innocence provide him no basis for surmounting the limitations bar.

Respondent is entitled to summary judgment dismissal of petitioner's claims as barred by limitations.

### III. Conclusion

Respondent's motion for summary judgment (Docket Entry No. 9) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as barred by the AEDPA one-year statute of limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the _____ day of March, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5